UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEVIN KYNE,**

    **Plaintiff,**

v.                                                        Case No. 8:17-cv-2272-AAS

**NANCY A. BERRYHILL, Deputy**
**Commissioner of Operations,**
**Social Security Administration,**

    **Defendant.**
_____/

## ORDER

Kevin Kyne seeks judicial review of a decision by the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income ("SSI") under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), administrative record, pleadings, and joint memorandum the parties submitted, the Commissioner's decision is **AFFIRMED**.

## I.    PROCEDURAL HISTORY

Mr. Kyne applied for SSI for a disability he claims began on March 1, 2015. (Tr. 196). Disability examiners denied Mr. Kyne's applications initially and after reconsideration. (Tr. 70–83, 86–101). Mr. Kyne then requested a hearing before an ALJ, who ultimately found Mr. Kyne not disabled. (Tr. 14–24, 125–138).

1

The Appeals Council denied Mr. Kyne's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–3). Mr. Kyne now seeks review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Kyne was twenty-eight years old when he submitted his SSI application, and twenty-nine years old when the ALJ held the hearing. (Tr. 37, 196). Mr. Kyne has a general education diploma and no past relevant work. (Tr. 35–37). He claimed disability due to seizure disorder, memory loss, depression, anxiety, attention deficit hyperactivity disorder, severe headaches, and pain. (Tr. 70–71).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. § 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, then he does not have a severe impairment and is not disabled. § 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. § 416.910.

2

or equal an impairment included in the Listings, he is not disabled. § 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent him from performing past relevant work, he is not disabled. 20 C.F.R. § 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity ("RFC").[3] Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing other work that exists in the national economy, then he is not disabled. § 416.920(g).

Here, the ALJ determined Mr. Kyne engaged in no substantial gainful activity since the application date. (Tr. 16). The ALJ then concluded Mr. Kyne has the following severe impairments: degenerative disc disease; migraine headaches; seizures and epilepsy; affective disorder; attention deficit hyperactivity disorder; and post-traumatic stress disorder. (*Id.*). Nonetheless, the ALJ found Mr. Kyne's impairments or combination of impairments failed to meet or medically equal the severity of an impairment included in the Listings. (*Id.*).

The ALJ then found Mr. Kyne has the RFC to perform light work. (Tr. 18). But the ALJ found Mr. Kyne has the following limitations:

> able to lift 20 pounds occasionally and 10 pounds infrequently; stand or walk for six hours per day; sit for six hours per day; never climb ladders, ropes, or scaffolds; occasionally climb ramp/stairs, balance, stoop, kneel, crouch or crawl; must avoid pulmonary irritants, hazardous machinery and heights; can perform simple, routine, and repetitive tasks; can handle ordinary and routine changes in work settings or duties; can have occasional interaction with the public, co-workers, or supervisors; and can maintain attention and concentration for two-hours, but then requires a 10-minute break.

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. § 416.945(a).

(Tr. 18). Based on these findings, the ALJ determined Mr. Kyne could perform jobs that exist in significant numbers in the national economy, specifically as an electronics worker, a small parts assembler, and an office helper. (Tr. 23–24). Therefore, the ALJ found Mr. Kyne not disabled. (Tr. 24).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court

must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

   B.  **Issues on Appeal**

Mr. Kyne argues the ALJ's decision should be reversed for two reasons. (Doc. 21, pp. 5–6, 11–13). He first argues the ALJ failed to state how much weight he gave state agency psychologist Dr. Adrine McKenzie's opinion. (*Id.* at 5–6). Mr. Kyne also argues the ALJ erred when he relied on an erroneous hypothetical to the vocational expert (VE). (*Id.* at 11–13). The court will address each argument in turn.

   1.  Whether ALJ Properly Considered Dr. McKenzie's Opinion

Mr. Kyne claims the ALJ erred when he considered Dr. McKenzie's opinion. (*Id.* at 5–6). According to Mr. Kyne, the ALJ's determination that Mr. Kyne "can have occasional interaction with the public, coworkers, or supervisors" (Tr. 18) fails to account for Dr. McKenzie's finding that Mr. Kyne is moderately limited in his ability to get along with coworkers without distracting them or exhibiting behavioral extremes. (Tr. 98; Doc. 21, p. 6). Mr. Kyne argues the ALJ's decision only addressed Mr. Kyne's ability to interact with coworkers—not Mr. Kyne's ability to work "in the proximity of coworkers and supervisors." (Doc. 21, p. 6). Mr. Kyne further argues "interaction" is a vague term that fails to explain "whether the interaction involves speaking with or working in coordination with other people, or just being around other people." (*Id.* at 5).

The Commissioner argues the ALJ properly addressed Dr. McKenzie's opinion. (*Id.* at 6). The Commissioner first points out Dr. McKenzie stated Mr. Kyne should

5

have limited contact with the public and limited interpersonal demands—not that Mr. Kyne could not work close to others. (Doc. 21, p. 8). The Commissioner next points out the ALJ stated that he gave Dr. McKenzie's opinion significant weight. (*Id.* at 9). Therefore, the Commissioner concludes that the ALJ properly considered Dr. McKenzie's opinion. (*Id.*). The Commissioner further argues "interaction" is not vague because neither the VE nor Mr. Kyne's attorney at the hearing were confused about what "interaction" meant. (*Id.* at 9–10).

In assessing medical evidence, the ALJ must specifically state the weight he gives to different medical opinions and his reasons for doing so. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ must consider the findings of state agency medical or psychological consultants and assign those findings specific weight. 20 C.F.R. § 416.927(f)(2); SSR 96–6p, 1996 WL 374180, at *1 (July 2, 1996) (rescinded Mar. 27, 2017); *Maffia v. Comm'r of Soc. Sec.*, 404 F. App'x 352, 354 (11th Cir. 2010).

The ALJ need not refer to every piece of evidence so long as his decision does not broadly reject a claim for Social Security benefits. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although he need not refer to every piece of evidence, the ALJ must consider all evidence and articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The ALJ here considered Dr. McKenzie's opinion and assigned it significant weight. (Tr. 23). Although the ALJ did not specifically discuss Dr. McKenzie's finding that Mr. Kyne is moderately limited in his "ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes" (Tr. 98), the ALJ's

6

discussion of Dr. McKenzie's opinion demonstrates the ALJ thoroughly considered Dr. McKenzie's opinion. For example, the ALJ discussed Dr. McKenzie's finding that Mr. Kyne "would work best in an environment in which he had limited contact with the public and limited interpersonal demands." (Tr. 23, 98). The ALJ included Dr. McKenzie's findings in his RFC determination when the ALJ limited Mr. Kyne to "occasional interaction with the public, coworkers, or supervisors." (Tr. 18).

Limiting a claimant to occasional interaction with the public and coworkers sufficiently accounts for moderate limitations in social functioning. *Washington v. Soc. Sec. Admin.*, 503 F. App'x 881, 883 (11th Cir. 2013). Social functioning is the claimant's ability to "interact independently, appropriately, effectively, and on a sustained basis with other individuals." Soc. Sec. Admin., *Program Operations Manual System*, DI 34132.009 (Jan. 13, 2017), https://secure.ssa.gov/poms.NSF/lnx/0434132009.[4] In the work setting, social functioning "may involve interactions with the public, responding appropriately to persons in authority (e.g., supervisors), or cooperative behaviors involving coworkers." *Id.*

The ALJ thoroughly considered Dr. McKenzie's medical opinion. And the ALJ's RFC, which limited Mr. Kyne to occasional interaction with the public, coworkers, or supervisors, accounted for Dr. McKenzie's finding that Mr. Kyne was moderately limited in his ability to get along with coworkers or peers. Therefore, the ALJ committed no error when he considered Dr. McKenzie's opinion.

---

[4] Although the Program Operations Manual System (POMS) is not binding law, it is persuasive. *Stroup v. Barnhart*, 327 F.3d 1258, 1262 (11th Cir. 2003) (citations omitted).

Mr. Kyne's argument about the alleged vagueness of "interaction" is also unsuccessful because *Washington* and the POMS use "interact" in the context of social functioning—like the ALJ in this case. And neither the ALJ nor Mr. Kyne's attorney at the hearing expressed confusion about what "interaction" meant. *See also Webster's Third New International Dictionary, Unabridged* 1176 (2002) (defining "interaction" as a "mutual or reciprocal action or influence," i.e., "of an individual with his social environment").

### 2. Whether ALJ Asked Erroneous Hypothetical to the VE

Mr. Kyne argues the ALJ asked an erroneous hypothetical to the VE. (Doc. 21, pp. 11–13). According to Mr. Kyne, the ALJ's hypothetical to the VE failed to include Mr. Kyne's limitations in "getting along with coworkers or peers without distracting them or exhibiting behavioral extremes." (*Id.* at 12). Mr. Kyne argues that had the ALJ included that limitation in his hypothetical, the VE's would not have answered that Mr. Kyne could perform work as an electronics worker, small parts assembler, or office helper. (*Id.* at 13).

The Commissioner argues the ALJ's hypothetical to the VE fully accounted for Dr. McKenzie's opinion that Mr. Kyne would work best in an environment with limited interpersonal demands. (*Id.* at 14). According to the Commissioner, the jobs the VE responded Mr. Kyne could perform correspond to the ALJ's RFC determination. (*Id.* at 15). Therefore, the Commissioner concludes the ALJ committed no error in his hypothetical to the VE. (*Id.*).

An ALJ must pose a hypothetical to the VE that comprehensively describes the claimant's impairments. *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985).

But, in his hypothetical to the VE, the ALJ need not include findings he properly rejects as unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).

Based partly on his thorough review of Dr. McKenzie' opinion, the ALJ found Mr. Kyne has moderate limitations in interacting with others (i.e., social functioning). (Tr. 17). In his hypothetical, the ALJ asked the VE to assume a person who "can have occasional interaction with the public, coworkers, or supervisors." (Tr. 54). A hypothetical that limits the claimant to occasional interaction with the public and coworkers sufficiently accounts for moderate limitations in social functioning. *Washington*, 503 F. App'x at 883. So, the ALJ's hypothetical to the VE sufficiently accounted for Mr. Kyne's moderate limitations in social functioning, limitations which the ALJ partly based on Dr. McKenzie's opinion. The ALJ committed no error in his hypothetical to the VE.

## IV. CONCLUSION

The ALJ properly considered Dr. McKenzie's opinion and the ALJ's hypothetical to the VE accounted for Mr. Kyne's moderate limitations in social functioning. The following is therefore **ORDERED**:

1. The Commissioner's decision is **AFFIRMED** and the case is **DISMISSED**, with each party bearing its own costs and expenses.

2. The Clerk of Court must enter final judgment in the Commissioner's favor consistent with 42 U.S.C. Sections 405(g) and 1383(c)(3).

9

**ORDERED** in Tampa, Florida, on December 6, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge